# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 622 | **DATE** | 8/26/2010 |
| **CASE TITLE** |  | Paul Seals vs. Inventiv Commercial Services LLC | |

**DOCKET ENTRY TEXT**

Plaintiff Paul Seals is ordered to file his amended complaint by **September 20, 2010.** Plaintiff is warned that failure to file an amended complaint by that date will result in summary dismissal of this case.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

On January 29, 2010, Plaintiff filed a complaint [1] alleging employment discrimination. In his complaint, Plaintiff stated that he received a right-to-sue letter from the United States Equal Employment Opportunity Commission ("EEOC") on October 29, 2009. In general, a plaintiff who receives a right to sue letter from the EEOC must file suit in federal court within ninety days of the date on which the plaintiff receives the letter. *Prince v. Stewart*, 580 F.3d 571, 573 (7th Cir. 2009). Because Plaintiff did not file suit until January 29, 2010, it appeared from the face of Plaintiff's complaint and the documents attached to it that the complaint was filed on the wrong side of the limitations period by two days. See, *e.g.*, *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199 (2007). However, the Court gave Plaintiff until March 1, 2010, to show cause in writing why the Plaintiff had not pled himself out of court.

On February 26, 2010, Plaintiff filed a letter with the Court explaining that he did not receive the EEOC right-to-sue letter until November 8, 2009, not October 29, 2009, as indicated in his complaint. Attached to Plaintiff's letter was a copy of the certified mail receipt and some handwritten notations indicating "10-29" and "11-8." Plaintiff alleged that the October notation represented the first attempt to deliver his mail (which he states was unsuccessful), and that he did not receive the EEOC letter from the postal carrier until November 8. Accepting Plaintiff's allegation that he did not receive his EEOC letter until November 8, the Court determined that Plaintiff's Title VII claim was timely and not subject to dismissal at this early stage. The Court discharged the rule to show cause and gave Plaintiff leave to file an amended complaint by May 23, 2010, clarifying his allegations as to the date on which he received his EEOC right-to-sue letter. Plaintiff did not filed his amended complaint by May 23, 2010. Plaintiff also failed to appear for a status hearing on April 22, 2010, and the Court cautioned Plaintiff that repeated failure to appear at court hearings may lead to dismissal of his case for want of prosecution. The Court then gave Plaintiff until **August 30, 2010,** to file his amended complaint and again warned Plaintiff that failure to respond to court orders will result in dismissal of this case.

| STATEMENT |
|---|

On August 20, 2010, Plaintiff filed a letter [12] with the Court again explaining the reasons why he does not believe his lawsuit is untimely. However, Plaintiff's letter is not a substitute for an amended complaint. Plaintiff has convinced the Court that the complaint should proceed; what Plaintiff must now do is file an amended complaint that will give Defendant notice of the claim and include in that complaint an allegation concerning Plaintiff's receipt of the right-to-sue letter that does not suggest (as Plaintiff's initial complaint did) that Plaintiff's claim is time-barred. What the Court has requested of Plaintiff, and what Plaintiff must do if he wishes to proceed with his lawsuit, is file with the Clerk of the Court a new form complaint, including all of the allegations of his initial complaint and clarifying his allegations as to the date on which he received his EEOC right-to-sue letter. Plaintiff is given until **September 20, 2010,** to file his amended complaint, which he then must serve, along with a proper summons, on Defendant. No further extensions will be granted absent extraordinary circumstances. If Plaintiff has any questions about filing an amended complaint, issuing summons, or serving a complaint, the Court's *Pro Se* Help Desk on the 20th Floor of the Dirksen Courthouse, 219 South Dearborn Street, Chicago, may be able to provide assistance.

Additionally, Plaintiff noted in his letter that he has not been notified of past court orders or status dates. Although Plaintiff is proceeding *pro se*, he still remains under an obligation to inform the Court of any and all address changes so that he may receive court orders and notices. Plaintiff's August 20 letter does not contain a return address. Currently, the docket reflects Plaintiff's address as 600 Cedar Ridge Lane #103, Richton Park, IL 60471, which is the address that Plaintiff provided on his *pro se* appearance form [3]. In the event that this information is not correct, Plaintiff is obligated to update his contact information.